**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

WILLIAM SCOTT HOWARD, SR,

Plaintiff,

v. No. 1:25-cv-01281-JDB-jay

HENDERSON, CHESTER COUNTY, POLICE DEPARTMENT;
LEXINGTON, HENDERSON COUNTY, POLICE DEPARTMENT;
JACKSON, MADISON COUNTY, POLICE DEPARTMENT;
100 UNNAMED DEFENDANTS RICO ACT;
COMMUNITY OF HENDERSON, LEXINGTON; and
MADISON, JACKSON (RESIDENTS),

Defendants.

---

## REPORT AND RECOMMENDATION

---

On December 4, 2025, Plaintiff William Scott Howard, Sr., proceeding *pro se*, filed a lawsuit against the above-named parties. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Howard sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 7). This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. It is **RECOMMENDED** that this action be **DISMISSED**.

### I.

Howard filed this lawsuit on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form, which he left largely blank. (D.E. 1). On additional sheets of paper submitted with his Complaint, Howard writes that he is asking the Court to grant him bodycam and dashcam footage of an incident that occurred on August 22, 2023; FBI and TBI investigative reports relating

to that incident (and to the lawsuits he has previously filed in this Court relating to that incident); and various statements and court documents. (*Id*. at 4). He also requests that the Court "bring in witnesses and character witnesses to corroborate [sic] his claim." (*Id*.). He further states:

> Because these charges are due [sic] to the fact that I filed a Federal Civil Lawsuit against a white TN state trooper 1:23-cv-01262 and against the Jackson Police Chief for cover-up and corruption [sic] and I'm exposing their illegal activities by contacting the FBI in Knoxville, TN for my safety so the FBI have been investigating my cases since I sent the Letter to them in Dec of 2023. I'm asking the Court to grant my request.

(*Id*. at 4–5). Howard also includes a list of charges against the Defendants such as obstruction of justice, racial profiling, harassment, discrimination, illegal surveillance, hacking his cell phone, hate crimes, slander, abuse of power, and "gangstalking/psychological warfare." (*Id*. at 8).

**II.**

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B. <u>Standard of Review for Lack of Subject Matter Jurisdiction</u>

[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Of course,

"dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch v. Tennessee*, No. 3:16-CV-03034, 2017 WL 6462345, at *3 (M.D. Tenn. Sept. 25, 2017) (quoting *Apple*, 183 F.3d at 480) (citation corrected). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). When a court dismisses a complaint under Rule 12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6). *Id.* at *4 (citing *Apple*, 183 F.3d at 479).

C. <u>Howard's Lawsuit Should Be Dismissed</u>

This is the thirteenth lawsuit that Howard has filed in this Court since December 8, 2023.[1] In all cases, he has either sought or received IFP status, and this Court has dismissed all prior cases as frivolous or for failure to state a claim. This is the seventh case that Howard has brought relating to an interaction he had with law enforcement officials on August 22, 2023. *See Howard v. Fox*, 1:23-cv-01262-STA-jay; *Howard v. City of Jackson Police Dep't, et al*., 1:23-cv-01265-STA-jay; *Howard v. Jackson Police Dep't, et al*., 1:23-cv-01266-JDB-jay; *Howard v. Jackson City Police Dep't, et al*., 1:24-01269-STA-jay; *Howard v. Jackson City Police Dep't, et al*., 1:25-cv-01018-STA-jay; *Howard v. Henderson, Chester County Police Dep't, et al.*, 1:25-cv-01281-JDB-jay. Once again, Howard attempts to reassert duplicative claims that have previously been dismissed.

[1] *Howard v. Fox*, 1:23-cv-01262-STA-jay; *Howard v. City of Jackson Police Dep't, et al*., 1:23-cv-01265-STA-jay; *Howard v. Jackson Police Dep't, et al*., 1:23-cv-01266-JDB-jay; *Howard v. Publishers Clearing House N.Y. Sweepstakes*, 1:24-cv-01120-JDB-jay; *Howard v. Full Serv. P'ship, et al*., 1:24-cv-01221-JDB-jay; *Howard v. Gomez*, 1:24-cv-01222-STA-jay; *Howard v. Lam, et al*., 1:24-01266-JDB-jay; *Howard v. Jackson City Police Dep't, et al*., 1:24-01269-STA-jay; *Howard v. Jackson City Police Dep't, et al*., 1:25-cv-01018-STA-jay; *Howard v. FedEx Delivery Co., et al.,* 1:25-cv-01019-STA-jay; *Howard v. Madison County Jail Administration, et al.*, 1:25-cv-01065-JDB-jay; *Howard v. Henderson, Chester County Police Dep't, et al.*, 1:25-cv-01281-JDB-jay; *Howard v. Tennessee Dep't of Mental Health*, 1:26-cv-01100-STA-jay.

"A completely duplicative claim lacks an arguable basis either in law or in fact and is frivolous." *Catchings v. Fry*, No. 12-2305, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (citing *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). As such, Howard's Complaint should be dismissed.

**III.**

For the foregoing reasons, it is **RECOMMENDED** that the Court dismiss Plaintiff William Scott Howard's Complaint pursuant to Rule 12(b)(1) and 28 U.S.C. § 1915(e)(2)(ii). It is also **RECOMMENDED** that Howard's pending "Motion to Enter Charges and Allegations" (D.E. 8) be **DENIED** as **MOOT**.

Respectfully submitted, this the 4th day of September, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**